■ In the Matter of the Claim of EFREN CEDENO, Appellant, v PACOA et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [993 NYS2d 186]—

McCarthy, J.P. Appeal from a decision of the Workers' Compensation Board, filed June 25, 2013, which, among other things, assessed a monetary penalty against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii).

Claimant resides in Queens and, after he was purportedly injured while working in Nassau County, applied for workers' compensation benefits. With that application, claimant submitted a form on counsel's letterhead in which he requested that all hearings in his case be handled at a hearing site in the City of White Plains, Westchester County. The Workers' Compensation Law Judge found that no basis existed for a change of venue and assessed counsel fees of $250 against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii). Upon review, the Workers' Compensation Board modified by increas-

ing the assessment of counsel fees to $500. Claimant now appeals.*

We affirm. The Chair of the Board generally sets "the times and places for the hearing of claims" by venuing them in the district in which a claimant resides if he or she lives in New York (Workers' Compensation Law § 141; *see* 12 NYCRR 300.7 [b]). A claimant may submit a written request for change of venue that articulates the reasons for his or her request, and a written decision must be issued thereon. Claimant's challenges to that policy are unpreserved for our review given that he failed to raise them before the Board (*see Matter of Mejia v Camabo Indus., Inc.*, 117 AD3d 1362, 1362 [2014]; *Matter of Toledo v Administration for Children Servs.*, 112 AD3d 1209, 1210 [2013]). Moreover, claimant's request for a change of venue was a procedural motion that necessitated a response, and the Board properly determined that it was a "proceeding[ ] in respect of [a claim for compensation]" within the meaning of Workers' Compensation Law § 114-a (3) (*see Matter of Banton v New York City Dept. of Corr.*, 112 AD3d 1195, 1196 [2013]).

Turning to the merits, claimant's unsubstantiated assertion that it would be "most convenient" for him to attend hearings in a district with no connection to either his residence or the accident site did not warrant a change in venue. Counsel for claimant was well aware that such groundless requests for a venue change would be rejected and, thus, substantial evidence supports the Board's assessment of counsel fees pursuant to Workers' Compensation Law § 114-a (3) (ii) (*see Matter of Difilippo v Con Edison*, 117 AD3d 1363, 1364 [2014]; *Matter of Wolfe v New York City Dept. of Corr.*, 112 AD3d 1197, 1198 [2013]). Lastly, we are unpersuaded that the Board lacked authority to modify the decision of the Workers' Compensation Law Judge and increase the amount of that assessment (*see* Workers' Compensation Law § 23).

Garry, Egan Jr., Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Given that the only issues on this appeal relate to the assessment of counsel fees, "counsel is the party in interest pursuant to Workers' Compensation Law § 23 and 'should have filed the notice of appeal on [his] own behalf' " (*Matter of Wolfe v New York City Dept. of Corr.*, 112 AD3d 1197, 1198 [2013], quoting *Matter of Banton v New York City Dept. of Corr.*, 112 AD3d 1195, 1196 n [2013]). No allegation of prejudice has been made, however, and we will disregard that defect and treat the appeal as having been taken by counsel (*see* CPLR 2001; *Matter of Wolfe v New York City Dept. of Corr.*, 112 AD3d at 1198).